IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Francine Yvonne Knight, ) | C/A No. 0:11-3426-RMG-PJG |
|               Plaintiff, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| Carolyn W. Colvin, Acting Commissioner ) of Social Security,[1] ) | |
|               Defendant. ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 DSC et seq. The plaintiff, Francine Yvonne Knight ("Knight"), brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Having carefully considered the parties' submissions and the applicable law, the court concludes that this matter should be remanded for further proceedings.

**ADMINISTRATIVE PROCEEDINGS**

In January 2008, Knight applied for DIB and SSI, alleging disability beginning March 30, 2007. (Tr. 136-44.) Knight's applications were denied initially and upon reconsideration, and she requested a hearing before an administrative law judge ("ALJ"). A hearing was held by video on February 2, 2010, at which Knight, who was represented by William O. Key, Esquire, appeared and

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as the named defendant because she became the Acting Commissioner of Social Security on February 14, 2013.

Page 1 of 9



testified. After hearing testimony from a vocational expert, the ALJ issued a decision on July 20, 2010 denying benefits and concluding that Knight was not disabled. (Tr. 13-21.)

Knight was born in 1957 and was fifty years old at the time of her alleged disability onset date. (Tr. 158.) She has a ninth-grade education and past relevant work experience as a customer service representative and a cashier. (Tr. 164, 167.) Knight alleged disability since March 30, 2007 due to fibromyalgia, scoliosis, weight joint issues, high blood pressure, high cholesterol, acid reflux, difficulty walking, swelling, asthma, and bronchitis. (Tr. 163.)

The ALJ found as follows:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2011.

2. The claimant has not engaged in substantial gainful activity since March 30, 2007, the alleged onset date (20 CFR 404.1571 *et seq.,* and 416.971 *et seq.*).

3. The claimant has the following severe impairments: fibromyalgia, lumbar spondylosis, obesity, and reactive airway disease (20 CFR 404.1520(c) and 416.920(c)).

\* \* \*

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

\* \* \*

5. . . . [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she must alternate between sitting and standing every hour to relieve discomfort, can occasionally stoop, kneel, crouch, and crawl, and cannot climb ladders, ropes, or scaffolds or tolerate concentrated exposure to pulmonary irritants, such as dust, fumes, and gases.

\* \* \*

6. The claimant is capable of performing past relevant work as a customer service representative. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

\* \* \*

    7.      The claimant has not been under a disability, as defined in the Social Security Act, from March 30, 2007, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(Tr. 15-20.) Knight submitted additional evidence to the Appeals Council, which denied her request for review on October 11, 2011, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-4.) This action followed.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A), (d)(5) and § 1382c(a)(3)(H)(I), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the ALJ to consider, in sequence:

    (1)    whether the claimant is engaged in substantial gainful activity;

    (2)    whether the claimant has a "severe" impairment;

    (3)    whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

    (4)    whether the claimant can perform her past relevant work; and

    (5)    whether the claimant's impairments prevent her from doing any other kind of work.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).[2]  If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments.  Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner.  To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980).  The Commissioner may carry this burden by obtaining testimony from a vocational expert.  Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits.  However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).  Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied.  See Myers

---

[2] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances.  20 C.F.R. §§ 404.1520(h), 416.920(h).



v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

## ISSUES

Knight raises the following issues for this judicial review:

I.   The Court should remand Knight's case for consideration of new material submitted to the Appeals Council.

II.  The ALJ did not explain [her] findings regarding the Plaintiff's residual functional capacity, as required by Social Security Ruling 96-8p.

III. The ALJ failed to perform an analysis of Knight's ability to perform her past relevant work that complies with the requirements of SSR 82-62, 20 C.F.R. § 404.1520, Fourth Circuit precedent, and the remand order of this Court.

(Pl.'s Br., ECF No. 25.)

## DISCUSSION

**New Evidence Submitted to the Appeals Council**

Knight contends that the Appeals Council erred in failing to weigh new and material evidence submitted to it after the ALJ's decision. Specifically, Knight focuses on a September 2010 letter from Dr. John M. Downey.[3] (Tr. 378.) Dr. Downey explains that Knight was initially seen in his

---

[3] Knight also submitted an undated self-penned letter, a list of medications dated May 12, 2008, a list of medications dated October 12, 2010, and copies of prescriptions from CVS pharmacy.



office on April 1, 2010, presenting "with complaints of pain in the upper thoracic, cervical region, also the lumbar region, radiating into both arms and both legs." (Id.) Dr. Downey states that an x-ray was obtained on that date that indicated "L5-S1 degenerative disk disease with foraminal encroachment with significant arthritis throughout the lumbar spine;" however, "[t]here was no instability on flexion extension views." (Id.) Dr. Downey further noted that "[o]ver the course of [Knight's] evaluation, she has undergone EMGs which have indicated bilateral lumbar radiculopathy affecting the left S1 nerve root and the right L5 nerve root." (Id.) After noting that Knight was referred to Dr. Downey "to assist in maintaining her pain level at a relatively functional level," Dr. Downey indicated that her previous medications were continued, stating that this regimen has maintained her "nueromusculoskeletal pain condition in a functional level." (Id.) However, Dr. Downey stated that Knight's 2008 MRI of her lumbar spine "indicates significant lumbar arthritis with disc protrusion at L4-5" and opined that Knight has significant limitations, including "[n]o prolonged sitting, no prolonged standing, no repetitive bending, squatting, and stooping." (Id.) Dr. Downey also opined that Knight "should be allowed the opportunity to sit or stand at leisure and perhaps even lie down throughout the day for up to 20 to 30 minutes at a time." (Id.)

The Appeals Council admitted into the record and considered this additional evidence. (Tr. 1-3.) However, the Appeals Council summarily stated that it found that "this information does not provide a basis for changing the Administrative Law Judge's decision." (Tr. 2.)

The Fourth Circuit has explicitly held that "[t]he Appeals Council need not explain its reasoning when denying review of an ALJ decision." Meyer v. Astrue, 662 F.3d 700, 702 (4th Cir. 2011). In determining whether the Commissioner's final decision is supported by substantial evidence and reached through the application of the correct legal standard, the court must " 'review



the record as a whole' including any new evidence that the Appeals Council 'specifically incorporated . . . into the administrative record.' " Id. at 704 (alterations in original) (quoting Wilkins, 953 F.2d at 96). If the court cannot determine whether, in light of the additional evidence submitted, the Commissioner's decision is supported by substantial evidence, remand is warranted. Meyer, 662 F.3d at 707 (reversing and remanding the Commissioner's decision because upon considering the whole record, including the new evidence submitted to the Appeals Council, the court could not determine whether substantial evidence supported the ALJ's denial of benefits). The Court recognized, however, that in some cases the record would clearly show that the additional evidence did not cause the ALJ's decision to be unsupported by substantial evidence. See id. (discussing Smith v. Chater, 99 F.3d 635, 638-39 (4th Cir. 1996)).

In this case, the additional evidence submitted to the Appeals Council and admitted into the record raises a question as to whether the ALJ's opinion is supported by substantial evidence. In rejecting Knight's claim for benefits, the ALJ found that Knight's radiological findings did not support Knight's assertions of pain. Dr. Downey's letter appears to address this observation by discussing an x-ray from April 2010, discussing EMG results that had not been previously discussed, and including a significantly different description of a 2008 MRI (cf. Tr. 323), all of which may support Knight's assertions of pain. Moreover, Dr. Downey's opinion contains limitations that, if accepted, may render Knight entitled to disability benefits.[4]

---

[4] The court expresses no opinion as to whether consideration of Dr. Downey's opinion in conjunction with the medical evidence already discussed by the ALJ should lead to a finding that Knight is entitled to disability benefits. Analysis of this additional evidence may well not affect the ALJ's conclusion. However, on this record, the court cannot say that the ALJ's conclusions are supported without such consideration.



The court finds unavailing the Commissioner's position that Knight's argument should be rejected based on the representations by Knight's attorney at the hearing before the ALJ that the record was complete.  Knight was treated by Dr. Downey after the February 2, 2010 hearing but before the ALJ issued her opinion.  Therefore, the court finds that this additional evidence raises a question as to whether the ALJ's decision is supported by substantial evidence and the court is constrained to recommend remand on this issue.

In light of the court's recommendation that this matter be remanded for further consideration of Dr. Downey's letter, the court need not address the plaintiff's remaining issues, as they may be rendered moot on remand.  See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments).  Moreover, if necessary, Knight may present her remaining arguments on remand, such as that the ALJ "cherry-picked" medical evidence supporting her decision while ignoring substantial evidence supporting Knight's allegations of pain.

## RECOMMENDATION

Based on the foregoing, the court recommends that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner for consideration of Dr. Downey's opinion and any additional evidence the ALJ deems appropriate to consider.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 11, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).